The Honorable Steve Bryles State Senator 514 W. Main Blytheville, AR 72315
Dear Senator Bryles:
You have presented the following question for my opinion:
 Does Act 1370 of 2003 completely repeal the actuarial requirement of A.C.A. § 24-11-807?
RESPONSE
It is my opinion that Act 1370 of 2003 did repeal the actuarial requirement, but did not alter the board's authority to prorate benefit payments in the event that the fund is insufficient to meet the $100.00 requirement.
Prior to the passage of Act 1370 of 2003, A.C.A. § 24-11-807 stated:
 (a)(1)(A) For volunteer fire fighters, in no case shall the payment to any retired member be less than fifty dollars ($50.00) per month, and the payment shall be made in accordance with the justice and equity of each case as determined by the board of trustees of the firemen's relief and pension fund.
 (B) The benefits provided for in this subdivision (a)(1) shall only be paid provided the retirement funds are actuarially sound after the increase as determined by the actuary for the Arkansas Fire and Police Pension Review Board.
 (2) In no case shall the payment to any retired member be less than thirty dollars ($30.00) per month, and the payment shall be made in accordance with the justice and equity of each case as determined by the board of trustees of the firemen's relief and pension fund.
 (b) Should the fund provided for in this subchapter be insufficient to make full payment of the amount of pensions to all persons entitled thereto, then the fund shall be prorated among those entitled by the proper authorities as may be deemed just and equitable.
 (c) The payment provided for in this section shall not be made until after the payment in full of all claims or demands against the fund arising or accruing under the provisions of § 24-11-819(c).
 (d) For the purpose of determining how to prorate benefits, the proration shall be considered just and equitable if:
 (1) The board of trustees pays the full minimum benefit each month to all eligible beneficiaries until assets in the fund are depleted for the fiscal year, at which time all payments shall cease until revenues are received for the next fiscal year; or
 (2) The board of trustees decreases all payments to all eligible beneficiaries by an equal proportion for the fiscal year and does not allow the assets in the fund to become fully depleted.
 (e) In cities having a population of twenty thousand (20,000) or more, if the board of trustees of the firemen's relief and pension fund shall determine that the balances in the fund together with estimated income thereto will provide an amount sufficient to pay additional minimum pensions to volunteer firefighters entitled to the pensions. Then, by adoption of a resolution by majority vote of the full membership of the board of trustees, the board of trustees may provide for the payment of supplemental, additional minimum pensions in an amount not to exceed twenty-five dollars ($25.00) per month per retired volunteer firefighter, or such lesser amount as the board of trustees shall determine can be paid from fund balances and estimated income without jeopardizing or reducing other benefits payable from the fund.
A.C.A. § 24-11-807, prior to amendment by Act 1370 of 2003 (emphasis added).
Act 1370 of 2003 amended the above language to increase the required benefit minimum to $100.00 and to remove the provisions of Subsections (a)(1)(B) and (a)(2), which are emphasized above. That is, Act 1370 removed the following provisions:
 (a)(1)(B) The benefits provided for in this subdivision (a)(1) shall only be paid provided the retirement funds are actuarially sound after the increase as determined by the actuary for the Arkansas Fire and Police Pension Review Board.
 (2) In no case shall the payment to any retired member be less than thirty dollars ($30.00) per month, and the payment shall be made in accordance with the justice and equity of each case as determined by the board of trustees of the firemen's relief and pension fund.
Despite the removal of this requirement of actuarial soundness, Act 1370 did not alter the remaining language of the statute. Notably, the language of Subsections (b) and (d) are left intact. Those subsections grant the board of the local pension fund the authority to prorate the payment of benefits in the event that the fund is insufficient to make full payment of benefits.
Therefore, although Act 1370 did repeal the actuarial requirement that was previously stated in A.C.A. § 24-11-807, that change does not have the effect of holding the fund to a required minimum payment in the event that the fund is insufficient to make such payments. The board retains the authority to prorate payments under such circumstances.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General